

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2005

# Beck v. Consolidated Rail

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Beck v. Consolidated Rail" (2005). *2005 Decisions.* Paper 1434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1389
_____


CHRISTOPHER J. BECK,

Appellant

v.

CONSOLIDATED RAIL CORPORATION
_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 00-cv-00727)
District Judge:  The Honorable Robert J. Cindrich
_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2005

Before: NYGAARD, McKEE, and RENDELL, Circuit Judges.


(Filed March 24, 2005)


_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Christopher J. Beck appeals from the denial of his post trial motions following a verdict in favor of Appellee Consolidated Rail Corporation. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

## I.

Beck was injured while working as an engineer for Conrail. As a result, he filed a lawsuit against Conrail under the Federal Employer's Liability Act. At trial, Beck and his treating physician testified that, because of the injury, he was unable to perform his job as an engineer. A jury returned a verdict in favor of Beck on his FELA claim and awarded him $760,559.

Four months after the conclusion of his FELA trial, Beck attempted to return to his position with Conrail. Conrail denied his request. Beck then brought the present action, claiming a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* The case went to trial only as to the Rehab Act claim, and on September 10, 2003, a jury returned a verdict in favor of Conrail. Beck filed various post-trial motions, each of which were denied by the District Court by Memorandum Order filed January 12, 2004. This appeal followed.

## II.

Beck asserts three errors from the denial of his post-trial motions: (1) that the District Court erred by permitting Conrail to introduce evidence concerning the term

"judicial estoppel" when the District Court had determined that judicial estoppel would not be valid as a defense to the Rehab Act claim; (2) that the District Court erred by allowing into evidence the transcript testimony of Beck's physician from the prior FELA lawsuit; and (3) that the District Court erred by not granting his motion for judgment as a matter of law, brought pursuant to Rule 50 of the Federal Rules of Civil Procedure. We find none of these claims of error to be meritorious.

A.

It appears that Conrail originally sought to argue that Beck, having testified during the FELA trial that he was disabled, was precluded from now claiming that he was not disabled under the doctrine of judicial estoppel. The District Court ruled that judicial estoppel would not be submitted to the jury as a defense to the Rehab Act claim. It also ruled, however, that Conrail was not prohibited from using the term judicial estoppel during the trial. As a result, Conrail argued at trial that the real reason it refused to allow Beck to return to his position was not because it actually regarded him as disabled—as Beck claimed—but because it subjectively believed that the doctrine of judicial estoppel precluded Beck from claiming that he was not disabled. Put differently, Conrail's argument concerning judicial estoppel was not that the doctrine operates as a defense to a Rehab Act claim, but rather that its subjective belief that the doctrine provides a defense—as opposed to a belief that Beck was disabled—was the real reason for its actions.

3

Beck contends that the District Court erred by permitting this argument to be presented to the jury because it is a question of law. We review rulings concerning the admissibility of evidence under the abuse of discretion standard, *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 752 (3d Cir. 1995), and we reject Beck's argument. It is true that the applicability of the defense of judicial estoppel would be a question of law, but that was not the defense presented by Conrail. Instead, Conrail argued a question of fact: whether its decision was based on a determination that Beck was disabled or a determination—correct or not—that he was judicially estopped from bringing his claims. Accordingly, we hold that the District Court did not abuse of discretion in permitting Conrail to argue this question of fact to the jury.

B.

Beck next contends that the District Court erred by admitting into evidence a transcript of the testimony of Beck's treating physician, Dr. Kuhlengel, from the FELA case. This testimony detailed the extent of Beck's physical limitations after his injury. Beck argues that the evidence was inadmissible as irrelevant and as hearsay. Again, we hold that the District Court did not err.

Of course, only relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." FED. R. EVID. 401. The central fact in consequence at trial was

4

the rationale behind Conrail's decision not to allow Beck to reclaim his position. Evidence that Beck previously claimed to be disabled could reasonably make it more probable that Conrail's proffered reason was in fact genuine. Because it is undisputed that the decision-makers at Conrail were aware of Dr. Kuhlengel's testimony prior to not letting Beck return, the evidence is relevant.

Beck's claim that the evidence is inadmissible hearsay is similarly unpersuasive. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted*." FED. R. EVID. 801(c) (emphasis added). Conrail did not offer the testimony in question in order to prove the truth of its contents. It offered the testimony as evidence of its subjective belief that Beck was judicially estopped from claiming that he was not disabled because he had presented evidence in a prior trial that he was. Thus, it is not hearsay. For that reason, and because it was relevant, the District Court did not abuse its discretion in admitting the transcript as evidence.

## C.

Beck argues, finally, that the District Court erred by not granting his post-trial Rule 50 motion for judgment as a matter of law. Our review on this question is plenary. *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004). Judgment as a matter of law may be proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that

5

party on that issue. . . ." FED. R. CIV. PRO. 50(a). Conrail presented sufficient evidence that its reason for not permitting Beck to return to work was non-discriminatory. Its evidence, in part, consisted of testimony from Stuart Schwartz, Conrail regional claims counsel, who made the ultimate decision to terminate Beck. Schwartz testified that Conrail's actions were motivated by a belief that the doctrine of judicial estoppel applied, a non-discriminatory reason, and not by a belief that Beck was disabled, a discriminatory one. Based on this testimony, a reasonable jury could have found in favor of Conrail on the Rehab Act claim. Therefore, the District Court did not err by refusing to grant Beck's Rule 50 motion for judgment as a matter of law.

### III.

Because we find no merit in any of Beck's claims of error, we affirm the District Court's denial of his post-trial motions.

_____